IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-18-214-D |
| | ) | |
| VICENTE BRIONES-HERRERA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Indictment [Doc. No. 11]. The government has filed a response [Doc. No. 14] and Defendant has replied [Doc. No. 17]. Defendant asks the Court to decide the legal effect of a defect in his prior immigration proceeding under the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2015 (2018). Both parties have submitted copies of documents from Defendant's immigration case record as exhibits to their briefs, and the authenticity of these documents is undisputed. Upon consideration, the Court rules on the Motion as follows.

Defendant is charged in a one-count Indictment of being a nonresident alien found in the United States without authorization after having previously been removed, in violation of 8 U.S.C. § 1326(a). Defendant seeks dismissal of the Indictment on the ground that the government cannot prove an essential element of the charge because the prior removal proceeding was void under *Pereira*. Specifically, Defendant asserts that the removal order in his immigration case was invalid because it was issued by an immigration judge who lacked jurisdiction due to a defective "notice to appear," which did

not set a time or place for his removal hearing. The Supreme Court decided in an administrative context in *Pereira* that a similarly flawed notice was insufficient. The Court held that "[a] notice [to appear] that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a).'" *Pereira*, 138 S. Ct. at 2110.

Defendant asks the Court to extend *Pereira* to his criminal case based on subsequent decisions of immigration law judges who have terminated administrative cases based on defective notices, and the decision of a federal district court in *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. 2018). Defendant urges the Court to follow the district judge in *Virgen-Ponce*, and hold that a removal proceeding based on an invalid notice to appear is void and will not support a conviction under § 1326(a). While other district courts have adopted this view, at least two judges of this Court have rejected it. *See United States v. Ibarra-Rodriguez*, Case No. CR-18-190-M, 2018 WL 4608503, *2 (W.D. Okla. Sept. 25, 2018) (defective notice was cured); *United States v. Munoz-Alvarado*, Case No. CR-18-171-C, 2018 WL 4762134, *1 (W.D. Okla. Oct. 2, 2018) (defendant voluntarily waived notice).

**Standard of Decision**

Rule 12(b)(2) of the Federal Rules of Criminal Procedure "permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). Generally, "an indictment should

2

be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Todd,* 446 F. 3d 1062, 1067 (10th Cir. 2006) (internal quotation omitted). However, a court "may entertain motions that require it to answer only pure questions of law," and "may entertain even motions to dismiss that require resort to facts outside the indictment . . . in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, '*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'" *Pope*, 613 F.3d at 1260-61 (quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994)) (emphasis in original); *see also Todd*, 446 F.3d at 1068.

### Defendant's Motion

Defendant's Motion seeks a determination as a matter of law that the government cannot prove the charge in the Indictment. Both parties ask the Court to consider facts shown by the administrative record in the immigration case underlying Defendant's alleged violation of § 1326(a). Based on this record, Defendant asserts that he was not validly removed from the United States but, instead, was the subject of a void removal order because it was based on a fatally defective notice to appear, according to the Supreme Court's decision in *Pereira*. Relying on a federal regulation, 8 C.F.R. § 1003.14(a), Defendant argues that a notice to appear serves as a charging document in an immigration case and creates jurisdiction and, thus, the defective notice deprived the immigration judge of subject matter jurisdiction and rendered the removal proceeding and the resulting order void.

The government disagrees with Defendant's legal argument but not with the factual basis of his Motion. The government admits Defendant's notice to appear was defective under *Pereira*, but denies that the defect implicates the immigration judge's subject matter jurisdiction. The government argues that a notice to appear operates like service of process to establish personal jurisdiction, which can be waived. The government submits documents to show Defendant waived the defect in his notice when, after being advised of his rights, he agreed to the disposition of his case without a hearing and stipulated to the entry of a final removal order. *See* Resp. Br., Ex. 3, Notice of Rights & Req. Disposition [Doc. No. 14-3], Ex. 4, Stipulation [Doc. No. 14-4] at 3, 6; Ex. 5, Mot. Stipulated Removal Order [Doc. No. 14-5]. Further, after his removal in August 2011, Defendant again consented to being removed from the United States by reinstatement of the removal order in March 2012 and October 2013. *See id*. Exs. 8 & 10 Notice of Intent/Decision to Reinstate Prior Order [Doc. Nos. 14-8 and 14-10].[1]

As this summary of the arguments makes clear, the parties present a legal issue for determination based on undisputed facts. In the absence of any objection to a pretrial ruling on the existing record, the Court finds that Defendant's Motion is appropriate for decision without a hearing under Rule 12(b)(2).[2]

---

[1] Defendant does not raise any issue as to whether his waiver or consent was knowingly and voluntarily given.

[2] "Generally speaking, an evidentiary hearing is not required unless the requesting party shows that he will produce relevant evidence." *United States v. Sandoval*, 390 F.3d 1294, 1301 (10th Cir. 2004). Defendant's Motion is similar to one that challenges whether a prior state-court adjudication of a felony charge constitutes a "conviction" for purposes of a felon-in-possession

**Discussion**

As an element of the offense charged in the Indictment, the government must prove that Defendant "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding." *See* 8 U.S.C. § 1326(a); *see also United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010). The statute defining the offense also provides a defense to the charge. Defendant may mount a collateral attack on the underlying deportation or removal under the circumstances provided by § 1326(d), by demonstrating:

1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d); *see Adame-Orozco*, 607 F.3d at 651. Fundamental unfairness requires a showing of prejudice, that is, a "reasonable likelihood that, but for the errors complained of, [the alien] would not have been deported." *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (en banc). Tenth Circuit law holds that "once the government shows that [a defendant-alien] was deported," the defendant bears the burden to "prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *Adame-Orozco*, 607 F.3d at 651 (citing *United States v. Arevalo-Tavares*, 210 F.3d 1198, 1200 (10th Cir. 2000) (per curiam)).

---

charge under 18 U.S.C. § 922(g)(1), which the Court has decided without a hearing under Rule 12(b)(2). *See United States v. Law*, 572 F. App'x 644, 646 (10th Cir. 2014) (unpublished).

In this case, Defendant challenges the presumed legality of the removal order in his immigration case solely by showing he received a notice to appear that was defective. Defendant does not provide any facts to establish that he attempted to (or did) utilize administrative remedies to seek relief from the order, that he was deprived of the opportunity for judicial review of the order, or that entry of the order was fundamentally unfair and prejudicial. To the contrary, the government submits documents to show – and Defendant does not dispute – that he affirmatively waived his right to appear and on three occasions consented to being removed from the United States under the removal order. The record shows that Defendant chose to waive a hearing, further administrative proceedings, and judicial review. Under these circumstances, the Court finds that the defect in Defendant's notice to appear provides an insufficient basis to invalidate the removal order under § 1326(d). *See, e.g.*, *United States v. Chavez-Alonzo*, 431 F.3d 726, 728 (10th Cir. 2005) ("An alien who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1).").

Defendant asserts that the requirements of § 1326(d) are inapplicable or satisfied because the removal order was void due to a jurisdictional defect. *See* Def.'s Mot. at 5 (arguing he "was exempted" from exhaustion and judicial review requirements); Def.'s Reply Br. at 4 (arguing all requirements "are met because the underlying order is a legal nullity"). Defendant bases his assertion on the position (stated by the district court in *Virgen-Ponce*, 320 F. Supp. 3d at 1166) that a sufficient notice to appear is required to establish subject matter jurisdiction, and so cannot be waived. One could reasonably question the correctness of this view, and whether an implementing regulation can control

subject matter jurisdiction. *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (subject matter jurisdiction is conferred by the Constitution and statute). Regardless of whether Defendant is right, however, he does not explain why the alleged defect could not have been raised in further administrative proceedings or by a petition for judicial review of the order. Defendant was not deprived of the opportunity for review of his removal order; he simply elected to forego that opportunity and to waive it. Accordingly, the Court is not persuaded by Defendant's arguments regarding § 1326(d).

**Conclusion**

For these reasons, the Court finds that Defendant has not shown the government's case fails as a matter of law.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Indictment [Doc. No. 11] is DENIED.

IT IS FURTHER ORDERED that this case is stricken from the Court's November 2018 docket and reset on the December 4, 2018 jury trial docket.

IT IS SO ORDERED this 26th day of October, 2018.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE